Filed 12/18/24  P. v. North CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
### SECOND APPELLATE DISTRICT
### DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B331702 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. TA148306 |
| DEMARUEA NORTH, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Teresa P. Magno, Judge. Affirmed and remanded with instructions.

Corey J. Robins, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Wyatt E. Bloomfield and Stefanie Yee, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION AND PROCEDURAL BACKGROUND

The Los Angeles County District Attorney charged defendant and appellant Demaruea North with, among other things, the murder of Efrem Reynolds. (Pen. Code, § 187, subd. (a).)[1] In August 2017, at the request of defense counsel, the trial court held a preliminary hearing under section 1368.1.[2] North and his co-defendant, Darius Walker, were held to answer on all charges and allegations. In October 2017, defense counsel declared a doubt regarding North's mental competence. (§ 1368.) In February 2018, the trial court found North was not mentally competent to stand trial and suspended criminal proceedings.

In January 2019, after receiving a report from Patton State Hospital indicating North was competent to stand trial, the trial court reinstated criminal proceedings. In March 2019, after concluding North had not been mentally competent at his 2017 preliminary hearing, the trial court granted North's motion to dismiss and set aside the charges.

The District Attorney re-filed the charges against North, alleging, among other things, that he murdered Reynolds (§ 187, subd. (a)) and, in the commission of the murder, personally and intentionally discharged a firearm, causing great bodily injury and death. (§ 12022.53, subd. (d).) Before a preliminary hearing was held on the re-filed charges, North pled no contest to the voluntary manslaughter of Reynolds (§ 192, subd. (a)) and admitted he personally used a firearm in the commission of the

---

1    All undesignated statutory references are to the Penal Code.

2    Section 1368.1 allows defense counsel to request preliminary examination or proceedings to determine a defendant's mental competence to stand trial. (See *id.*, subd. (a).)

killing. (§ 12022.5, subd. (a).) North also pled guilty to assaulting Daniel Zambrano with a firearm (§ 245, subd. (b)); and admitted he sustained a prior strike conviction (§§ 667, subds. (b)-(j), 1170.12), a prior serious felony conviction (§ 667, subd. (a)(1)), and served a prior prison term. (§ 667.5, subd. (b).) The trial court sentenced North to 42 years in state prison.

In February 2022, North filed a petition for resentencing to strike his five-year prior serious felony enhancement under Senate Bill No. 1393 (SB 1393) (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1013, §§ 1, 2); and a petition to dismiss his 10-year firearm enhancement under Senate Bill No. 620 (SB 620) (2017-2018 Reg. Sess.) (Stats. 2017, ch. 682, §§ 1 & 2) and section 1385.

In March 2022, North filed a petition for resentencing under former section 1170.95.[3] North then filed a petition for resentencing under Senate Bill No. 483 (SB 483) (2021–2022 Reg. Sess.) (Stats. 2021, ch. 728) and section 1171.1. The trial court appointed counsel to represent North on each resentencing petition.

The trial court concluded North established a prima facie case for section 1172.6 relief and set an evidentiary hearing. Before the evidentiary hearing, defense counsel objected to the admission of the 2017 preliminary hearing transcript, arguing because North was mentally incompetent at the time of the hearing, admission of the hearing would violate his due process rights and his Sixth Amendment rights to counsel and

---

3    Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6. (Stats. 2022, ch. 58, § 10.) There were no substantive changes to the statute. For clarity, we will reference the current section. That statute provides relief to certain individuals convicted of manslaughter under an imputed-malice theory of liability. (See § 1172.6.)

confrontation. The trial court ruled the preliminary hearing was admissible.

At the evidentiary hearing, the prosecution relied on: (1) the preliminary hearing testimony; (2) the in-court testimony of Zambrano that North was the actual killer; and (3) judicial notice of North's plea. The trial court noted that, based on Zambrano's testimony at the evidentiary hearing alone, without even considering the preliminary hearing testimony, it was convinced beyond a reasonable doubt North was the shooter and actual killer of Reynolds. Having concluded North was the actual killer, the trial court denied him section 1172.6 relief.

North timely appealed. On appeal, he argues (1) the trial court prejudicially erred by considering the preliminary hearing testimony; (2) the trial court's ineligibility finding is unsupported by substantial evidence; and (3) the case should be remanded for further proceedings on his other resentencing petitions. We affirm.

## FACTUAL BACKGROUND

The parties are familiar with the facts underlying North's convictions, so we need not recount them in great detail. (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851 [unpublished opinion merely reviewing correctness of trial court's decision "does not merit extensive factual or legal statement" (fn. omitted)].) The only fact worth noting at the outset is, at North's section 1172.6 evidentiary hearing, Zambrano testified he saw North kill Reynolds.

4

## DISCUSSION

### I. Even assuming the preliminary hearing transcript was inadmissible, substantial evidence supports the trial court's ineligibility finding

North first argues the trial court erred by admitting his preliminary hearing transcript. We need not resolve that issue. Even assuming the preliminary hearing transcript was inadmissible, Zambrano's testimony at the section 1172.6 evidentiary hearing that North was the actual killer constitutes substantial evidence that supports the trial court's ineligibility finding.

### A. Standard of review

We review the record in the light most favorable to the trial court's finding to determine if there is substantial evidence from which any rational trier of fact could find each element of the crime beyond a reasonable doubt. (*Jackson v. Virginia* (1979) 443 U.S. 307, 318-319; *People v. Staten* (2000) 24 Cal.4th 434, 460.) Substantial evidence is evidence that is "'reasonable in nature, credible, and of solid value.'" (*People v. Johnson* (1980) 26 Cal.3d 557, 576.) Substantial evidence includes circumstantial evidence and reasonable inferences based on that evidence. (*In re James D.* (1981) 116 Cal.App.3d 810, 813.) In reviewing a sufficiency claim, we "presume in support of the judgment the existence of every fact that the trier of fact could reasonably deduce from the evidence." (*People v. Medina* (2009) 46 Cal.4th 913, 919.) In conducting this analysis, we do not substitute our own evaluation of witness credibility for that of the trial court. (*People v. Ochoa* (1993) 6 Cal.4th 1199, 1206 (*Ochoa*).) The testimony of one

witness may constitute substantial evidence. (See, e.g., *In re Marriage of Mix* (1975) 14 Cal.3d 604, 614.) "Because we must draw all inferences in support of the judgment, [a] defendant 'bears an enormous burden' when challenging the sufficiency of the evidence." (*People v. Vasco* (2005) 131 Cal.App.4th 137, 161.)

### B. Analysis

Applying the above-stated principles, we conclude Zambrano's testimony at the evidentiary hearing constitutes substantial evidence to support the trial court's finding that North was the actual killer. Zambrano testified he knew North, and that North went by the name "Tiny Denver Bam." Zambrano witnessed North shoot Reynolds. Although Zambrano could not see North's face at the time because it was covered by a hoodie, Zambrano knew North was the shooter because the other person who was there with North kept calling North "Tiny Denver Bam." In addition to shooting Reynolds, North pointed the gun at Zambrano. North was the only person who had a gun that day; the person who was with North did not have a gun.

Zambrano's testimony is substantial evidence supporting the trial court's finding that North was the actual killer. And because we must defer to the trial court's conclusion that Zambrano's testimony was credible (*Ochoa*, *supra*, 6 Cal.4th at p. 1206), we reject North's arguments on appeal that the trial court's credibility determination was an abuse of discretion.[4] We

---

4    With respect to witness credibility, the trial court expressed its view that perhaps Zambrano thought "the best way to do the right thing and at the same time not be deemed as a [']snitch['] is to come up with a version wherein he sort of identifies someone but not really identifies someone. And I believe trying to balance both has resulted in him sort of giving inconsistent statements."

therefore affirm the trial court's order denying North section 1172.6 relief.

## II. North's arguments concerning his remaining resentencing petitions

North also argues his case should be remanded to the trial court for consideration of his other petitions. As noted above, in addition to filing a motion under section 1172.6, North also filed (1) a petition for resentencing to strike his five-year prior serious felony enhancement under SB 1393; (2) a petition to dismiss his 10-year firearm enhancement under SB 620 and section 1385; and (3) a petition to strike his one-year prior prison term enhancement under SB 483 and section 1171.1. We address them below.

### A. SB 1393 and SB 620

SB 1393 and SB 620 only provide retroactive relief in *nonfinal* cases. (See *People v. Alexander* (2020) 45 Cal.App.5th 341, 344 [trial courts lack jurisdiction to grant SB 1393 motions in cases that are already final]; *People v. Arredondo* (2018) 21 Cal.App.5th 493, 506-507 [SB 620 applies retroactively to nonfinal cases].) North's case is final and he does not argue otherwise. He entered his no contest plea in March 2019. (See *In re Spencer* (1965) 63 Cal.2d 400, 405 [conviction final when "courts can no longer provide a remedy to a defendant on direct review"].) The trial court therefore lacked authority to consider his SB 1393 and SB 620 petitions.

---

In other words, the court evaluated Zambrano's testimony in a reasonable manner, and ultimately found credible Zambrano's statements that he witnessed North kill Reynolds.

7

**B. SB 483**

Turning to North's petition under SB 483, the record before us does not indicate whether North's case was on the trial court's list from the Department of Corrections and Rehabilitation (CDCR) when he filed his SB 483 motion in the trial court.[5] Under the plain language of section 1172.75, the trial court did not have the authority to hear North's SB 483 claim unless North's case was on the CDCR's list. (§ 1172.75, subds. (b) & (c).) If North's case is on the CDCR's list, then on remand the trial court should address SB 483's applicability to North if it has not already done so. Because we cannot conclude, on this record, whether the trial court had or has the authority to address

---

5    Senate Bill No. 483 added section 1171.1 to the Penal Code. (Stats. 2021, ch. 728, § 3.) The Legislature later renumbered it to section 1172.75 without substantive change. (Stats. 2022, ch. 58, § 12, eff. June 30, 2022.) Section 1172.75, subdivision (a), states that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." (§ 1172.75, subd. (a).) Section 1172.75 instructs the CDCR to identify those persons in its custody currently serving a term for a judgment that includes an enhancement under section 667.5, subdivision (b) (excluding sexually violent offenses) and provide that information to the sentencing court that imposed the enhancement. (§ 1172.75, subd. (b).) Subsequently, the sentencing court "shall review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a)." (§ 1172.75, subd. (c).) "If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant." (*Ibid*.) North's sentence includes a one-year term imposed under section 667, subdivision (b).

North's SB 483 issue, we direct the trial court to check the CDCR's list, and to conduct further proceedings if required.

## DISPOSITION

We affirm the order denying North section 1172.6 relief. We remand for further proceedings consistent with this opinion to the extent required by SB 483.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

CURREY, P. J.

We concur:

MORI, J.

ZUKIN, J.

9